IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAWRENCE JOHNSON,** | : | **CIVIL ACTION NO. 1:13-CV-1866** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **R. HOLT,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 17th day of February, 2015, upon consideration of the report (Doc. 40) of Chief Magistrate Judge Martin C. Carlson, recommending the court grant in part and deny in part defendants' motion (Doc. 23) to dismiss or, in the alternative, for summary judgment, wherein Judge Carlson concludes that the bulk of the *pro se* plaintiff's amended complaint (Doc. 22) must be dismissed for either failure to exhaust administrative remedies or failure to state a claim for which relief may be granted, but that a handful of plaintiff's claims survive defendants' motion, *to wit*: plaintiff's Eight Amendment medical deliberate indifference claim against defendants Sullivan, Tuttle, Buggerhoffer, and Kabonic; plaintiff's Eighth Amendment conditions of confinement claim against Durkins and China; and his retaliation and access to the courts claims against defendants Farley, Bushinski, Beck, Potter, Kalogna, Trengley, Mazza, Thomas, Gubbiotti, and Jenski; and wherein Judge Carlson also concludes that plaintiff's surviving claims are each separate and distinct from one another and must be filed as individual civil actions

pursuant to Federal Rule of Civil Procedure 20, see FED. R. CIV. P. 20,[1] and, following an independent review of the record, the court concurring with the magistrate judge that the bulk of the *pro se* plaintiff's claims should be dismissed, and concurring that the "hodgepodge of claims raised" in plaintiff's pleading compels the court to sever plaintiff's remaining claims into separate civil actions, see, e.g., Boretsky v. Governor of New Jersey, 433 F. App'x 73, 77 (3d Cir. 2011) (nonprecedential) (affirming district court's decision to deny joinder of unrelated parties and claims and directing the clerk to file the claims as separate actions),[2] and noting that the plaintiff filed an objection[3] (Doc. 43) to the report on

---

[1] Rule 20 permits joinder of defendants in a single civil action only when the right to relief is asserted against them jointly, severally, or in the alternative, arises out of the same transaction or occurrence, *and* legal or factual questions common to all defendants exist in the action. See FED. R. CIV. P. 20.

[2] On February 6, 2015, in an apparent preemptive response to Judge Carlson's recommendation regarding joinder, plaintiff filed a second amended complaint (Doc. 49) pertaining solely to his Eight Amendment medical deliberate indifference and conditions of confinement claims and a "severed complaint" (Doc. 50) asserting allegations solely with respect to his mail processing, access to the courts, and retaliation claims.

[3] When a party objects to a magistrate judge's report and recommendation, the district court performs a *de novo* review of the contested portions of the report. See Behar v. Pa. Dep't of Trans., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(C)). In this regard, Local Rule of Court 72.3 requires written objections to "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for those objections." LOCAL RULE OF COURT 72.3; see also Behar, 791 F. Supp. 2d at 389 (citing Shields v. Astrue, No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

December 8, 2014, and that defendants elected not to object,[4] (see Doc. 44), and the court finding plaintiff's objection to be without merit and squarely addressed by Judge Carlson's report,[5] it is hereby ORDERED that:

1. The report (Doc. 40) of Chief Magistrate Judge Carlson is ADOPTED in its entirety.

2. Defendants' motion (Doc. 23) to dismiss or, in the alternative, for summary judgment is GRANTED in part as follows:

    a. Plaintiff's mail-handling claims are DISMISSED for failure to exhaust administrative remedies;

    b. Plaintiff's Fourth Amendment claims against defendants Sample, Gubbiotti, Kabonic, and Buggerhoffer are DISMISSED;

    c. Plaintiff's Bivens claim against defendant Vander Hey-Wright is DISMISSED;

    d. Plaintiff's equal protection claims are DISMISSED;

    e. Plaintiff's Eighth Amendment medical deliberate neglect or indifference claim is DISMISSED to the extent plaintiff names non-medical correctional staff as defendants; and

    f. Plaintiff's supervisory liability and *respondeat superior* claims are DISMISSED.

---

[4] In the exercise of caution, the court notes that defendants inadvertently docketed a brief (see Doc. 45) intended to be filed in a different civil matter, Leonard Johnson v. United States, No. 3:14-CV-753, to the docket *sub judice*. Clearly, this filing was not intended to reflect an objection to Judge Carlson's report and recommendation.

[5] In his objections, plaintiff concedes that the following claims fail as a matter of law: his Fourth Amendment claim for unlawful taking of a DNA sample against defendants Sample, Gubbiotti, Kabonic, and Buggerhoffer; his Bivens claim against Public Health Service Officer Vander Hey-Wright; and all equal protection claims raised in the complaint. Otherwise, plaintiff merely reiterates arguments rejected by the magistrate judge in his report.

3.   Defendants' motion (Doc. 23) is DENIED with respect to the following claims:

   a.   Plaintiff's Eighth Amendment medical deliberate indifference claim against defendants Sullivan, Tuttle, Buggerhoffer, and Kabonic;

   b.   Plaintiff's Eighth Amendment conditions of confinement claim against defendants Durkins and China; and

   c.   Plaintiff's retaliation and access to the courts claims against defendants Farley, Bushinski, Beck, Potter, Kalogna, Trengley, Mazza, Thomas, Gubbiotti, and Jenski.

4.   The Eighth Amendment claims identified in Paragraphs 3(a) and 3(b) above are SEVERED from the above-captioned action pursuant to Federal Rule of Civil Procedure 20. Plaintiff may proceed in the above-captioned action *only* as to his retaliation and access to the courts claims against defendants Farley, Bushinski, Beck, Potter, Kalogna, Trengley, Mazza, Thomas, Gubbiotti, and Jenski. Plaintiff's severed complaint (Doc. 50) as hereinabove described shall become the operative pleading in this matter.

5.   Plaintiff may proceed in a separate action with his Eighth Amendment claims, as follows:

   a.   The Clerk of Court is DIRECTED to open two new civil actions with new docket numbers and file plaintiff's amended complaint (Doc. 49) as the initial complaint therein.

   b.   The first of the newly opened cases shall identify Sullivan, Tuttle, Buggerhoffer, and Kabonic as defendants, and plaintiff shall proceed therein exclusively on an Eighth Amendment medical deliberate indifference theory.

   c.   The second of the newly opened cases shall identify Durkins and China as defendants, and plaintiff shall proceed therein solely on an Eight Amendment conditions of confinement theory.

   d.   The Clerk of Court shall mark the complaint in both newly opened cases filed as of June 3, 2013, to reflect the initial filing date for purposes of the statute of limitations.

      e.      The Clerk of Court shall thereafter file a copy of Magistrate Judge Carlson's report and recommendation (Doc. 40) and this order in each new action.

      f.      The Clerk of Court shall mail to plaintiff two (2) blank applications for leave to proceed *in forma pauperis*. Plaintiff shall either pay the requisite filing fee in each newly opened case or complete and file the applications to proceed *in forma pauperis* forthwith. Plaintiff's failure to comply with this paragraph may result in dismissal of the newly opened cases.

6.    The Clerk of Court is directed to TERMINATE the following parties as defendants in the above-captioned action: defendants Sullivan, Tuttle, Buggerhoffer, Kabonic; Durkins; China; R. Holt, Bracket, Dunbar, Ryan, Straesser, Jane Doe, M. Sample, James Doe, John Doe, Jim Doe, Vander Hey-Wright, Bond, Vogel, Rick Doe, Nick Doe, and Wisnieski.

7.    This matter and the newly opened cases shall be REMANDED to Magistrate Judge Carlson for further pretrial management.

                                          /S/ CHRISTOPHER C. CONNER
                                          Christopher C. Conner, Chief Judge
                                          United States District Court
                                          Middle District of Pennsylvania