## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAWRENCE JOHNSON,** | : | **Civil No. 1:13-CV-1866** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Conner)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **R. HOLT, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

### REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This case now comes before us for consideration of a motion to alter or amend judgment filed by the plaintiff, Lawrence Johnson.  (Doc. 52.)  For the reasons set forth below, it is recommended that the motion be granted in part and denied in part.

By way of background, the plaintiff, Lawrence Johnson, is a federal inmate who was housed at the United States Penitentiary, Canaan in 2011.  Johnson had previously filed an amended complaint in this action, (Doc. 22.), which was far-reaching and ambitious in its scope, and combined a hodgepodge of claims against some 26 individual defendants.  Liberally construed, Johnson's disparate array of contentions included as many as eight distinct, and disparate, legal claims.  At the

1

outset, Johnson alleged that, upon his arrival at the United States Penitentiary, Canaan, defendants Sample, Gubbiotti, Kabonic and Bugerhoffer violated his constitutional rights by compelling him to provide a DNA sample to prison officials. (Id.) In addition, Johnson alleged that as many as ten defendants, Warden Holt, Associate Warden Dunbar, Inmate Systems Managers Farley and Trentley, along with Correctional Officers Mazza, Bushinski, Kalogna, Potter, Bond, and Beck, interfered with his legal mail. (Id.) Further, according to Johnson, various defendants treated him differently than other inmates in ways which were not fully described, but according to Johnson, violated constitutional Equal Protection principles. (Id.) Johnson then alleged that some ten defendants[1] interfered with his right of access to the courts and retaliated against him for past litigation by refusing to notarize documents for the plaintiff and refusing to provide him access to his legal files when he was preparing to litigate various claims in other courts. (Id.)

Furthermore, Johnson leveled a series of unrelated claims against a different group of correctional defendants. Thus, Johnson alleged that various defendants housed him under conditions of confinement which violate the Eighth Amendment to the United States Constitution. In particular, Johnson alleged that prison officials

---

[1]These defendants appear to include defendants Farley, Bushinski, Beck, Potter, Kalogna, Trentley, Mazza, Thomas, Gubbiotti and Jenski.

2

have served spoiled and tainted food items to inmate.  Some of these allegations were cast in general terms; however, one contention was advanced with great particularity. Specifically Johnson alleged that two defendants, defendants Durkins and China, deliberately fed inmates spoiled chicken in June 2011, resulting in an outbreak of salmonella food poisoning at the prison in June of 2011.  Johnson then brought Eighth Amendment medical deliberate indifference claims against a number of correctional officials, alleging that in the wake of this June 2011 food poisoning incident his medical complaints were ignored.

Johnson's multi-faceted complaint has, in turn, inspired a multi-faceted motion to dismiss, or in the alternative for summary judgment, from the defendants.  (Doc. 23.)  Upon consideration of this motion, we recommended that the defendants' motion to dismiss or in the alternative for summary judgment, (Doc. 23.), be granted in part and denied in part.  Specifically, we recommended that the following claims be dismissed:  (1) all mail handling claims leveled by Johnson, since Johnson failed to exhaust his administrative remedies with respect to those claims; (2) all Fourth Amendment claims relating to prison officials' actions in taking a DNA sample from Johnson; (3) all Bivens claims against a Public Health Service Officer, defendant Vander Hey Wright; (4) all *respondeat superior* supervisory liability claims; (5) all equal protection claims lodged by Johnson; (6) all Eighth Amendment medical

deliberate indifference claims lodged against non-medical correctional staff; and (7) any Eighth Amendment condition of confinement claims relating to prison food service which were brought against defendants as to whom Johnson had not alleged well-pleaded facts describing deliberate indifference to his safety and well-being.

We further recommended that the remaining claims made by Johnson be permitted to proceed forward, but we noted that these remaining claims involved disparate acts by different defendants which were not legally, logically, topically or temporally related to one another. Therefore, we recommended that these disparate claims, which were improperly joined in a single lawsuit, be brought as separate lawsuits rather than aggregating these unrelated claims together in a single case. (Doc. 40.) The district court adopted this Report and Recommendation, dismissing a number of Johnson's claims, and ordering a number of the remaining claims severed into separate complaints for further litigation and trial. (Doc. 51.)

Johnson has now filed a motion, styled as a motion to alter or amend judgment, which is in fact a motion to reconsider some of these prior rulings on the defendants' motions to dismiss or in the alternative for summary judgment. (Doc. 52.) In his motion, Johnson asks us to reconsider three matters. First, Johnson alleges that the defendants now concede that they erred when they previously asserted that Johnson failed to exhaust all of his mail handling claims against Warden Holt, Associate

Warden Dunbar, Inmate Systems Managers Farley and Trentley, along with Correctional Officers Mazza, Bushinski, Kalogna, Potter, Bond, and Beck.  In a commendable display of candor the defendants have informed us on April 14, 2015, that they erred in advancing this exhaustion argument.  (Doc. 72.)  Thus, the defendants now concede that these claims should not have been dismissed on exhaustion grounds, while reserving the right to contest the legal merits of these claims.

Johnson's motion to alter judgment then asks us to examine two other matters. We had previously dismissed a non-medical correctional defendant, Correctional Officer Vogel, from Johnson's Eighth Amendment deliberate indifference claim. Johnson has re-pleaded these claims in a second amended complaint, which was filed after we submitted a report and recommendation addressing the initial amended complaint.  Johnson now asks us to permit this newly pleaded claim to proceed forward.  Finally, Johnson urges us to reconsider our prior decision severing his disparate claims into separate complaint for litigation and trial.  (Id.)

The defendants have responded to this motion, in part, by candidly acknowledging that their prior exhaustion argument relating to mail processing claims was advanced in error.  The defendants have opposed the other aspects of Johnson's motion to alter judgment.  This motion is now fully briefed and is, therefore, ripe for

5

resolution.  For the reasons set forth below, it is recommended that the motion be granted in part and denied in part, as follows:  Given the defendants' concession that Johnson exhausted his administrative remedies with respect to his mail processing claims, those claims should be reinstated, without prejudice to any subsequent motion by the defendants to dismiss those claims on their merits.  The court should allow Johnson's assertions of medical deliberate indifference in his second amended complaint, which was filed after we submitted our Report and Recommendation in this case, to also apply to defendant Vogel, and direct that defendant Vogel be added as a defendant in Johnson v. Sullivan, 1:15-CV-336.  We further recommend that this defendant be added to this civil action without prejudice to the defendant filing a subsequent motion to dismiss this particular claim on its merits.  In all other respects, we recommend that this motion be denied.

## II.   Discussion

### A.   Motion to Reconsider–The Legal Standard

The legal standards that govern motions to reconsider are both clear, and clearly compelling.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either:  "(1) [an]

6

intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice".

Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and

disposed of by the court.  <u>Dodge</u>, 796 F.Supp. at 830.  Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue.  <u>See</u> <u>Above the Belt, Inc. v. Mel Bohannon Roofing, Inc</u>., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### B.  Johnson's Motion to Reconsider Should Be Granted, in Part, and Denied, in Part

Judged against these guideposts, we conclude that Johnson's motion to reconsider should be granted in part and denied in part.  At the outset, given the defendants' recent concession that Johnson, in fact, exhausted his administrative remedies with respect to his mail handling claims, we find that we are now presented with "new evidence that was not available when the court granted the motion for summary judgment; [and there is a] need to correct a clear error of law or fact or to prevent manifest injustice."  <u>Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc</u>., 602 F.3d 237, 251 (3d Cir. 2010).[2]  Therefore, this claim should, in our judgment, be reinstated and included among the related claims of retaliation and

---

[2]In finding that this concession by the defendants regarding Johnson's exhaustion of his administrative remedies is newly discovered evidence, we commend the defendants for their candor in this regard, and for their candor in acknowledging clerical errors which briefly delayed the submission of this acknowledgment to the court.

access to the courts that are set forth in Johnson v. Holt, Civil No. 1:13-CV-1866. We recommend, however, that these claims be reinstated without prejudice to the defendants filing a subsequent motion to dismiss this particular claim on its merits.

Likewise, Johnson argues that, with respect to the medical deliberate indifference claims which the court has previously held were not subject to dismissal, the plaintiff had filed a second amended complaint which listed a non-medical correctional defendant, Correctional Officer Vogel, and stated factual matters pertaining to this defendant's alleged deliberate indifference to the plaintiff's medical needs. (Doc. 49.) Johnson, asks that we, therefore, permit him to incorporate defendant Vogel in his medical deliberate indifference claim which is captioned at Johnson v. Sullivan, 1:15-CV-336. Since Johnson's request in this regard relates to a second amended complaint which was filed *after* we issued our initial Report and Recommendation, we do not believe that it is necessary to address this matter through a motion to reconsider the order adopting this Report and Recommendation. Instead, we simply recommend that the court clarify that Johnson' assertions of medical deliberate indifference in this second amended complaint also apply to defendant Vogel, and direct that defendant Vogel be added as a defendant to the medical deliberate indifference claims in Johnson v. Sullivan, 1:15-CV-336. We further recommend that this defendant be added to this civil action without prejudice to the

defendant filing a subsequent motion to dismiss this particular claim on its merits.

In all other respect we recommend that the motion to alter judgment be denied. Despite Johnson's arguments to the contrary, we continue to believe that an examination of these remaining claims reveals that they involve allegations of distinct acts committed by disparate parties at widely different times and places. Thus, there is no single, coherent legal, logical, topical or temporal connection between these various claims. Without some further articulation of a unifying theme or thread between these claims, the joinder of these plainly divergent claims in a single lawsuit is inappropriate under Rule 20 of the Federal Rules of Civil Procedure, the rule governing joinder of defendants in federal litigation, which provides, in part, that:

> Person[s] ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R.Civ. P.  20(a)(2).

In this case, it cannot be said these remaining allegations arise out of the same transaction, occurrence or series of transactions or occurrences and involve questions of law or fact that are common to all of the defendants. Quite the contrary, these

episodes still appear to be separate transactions, allegedly committed by different actors at divergent times and places. For example, the claims in <u>Johnson v. Holt</u>, 1:13-CV-1866, entail matters of interference with mail, alleged retaliation against Johnson for litigation activities, and denial of access to the courts. These allegations name defendants who are different than those parties named as defendants in <u>Johnson v. Sullivan</u>, 1:15-CV-336, who are charged with cats of medical deliberate indifference. The defendants in these two cases, in turn, differ from those named by Johnson in his third federal case, <u>Johnson v. Durkins</u>, 1:15-CV-337, a case which involves allegations of deliberate food poisoning of inmates by prison staff. "[G]iven the hodgepodge of claims raised in the ... complaint," <u>Boretsky v. Governor of New Jersey</u>, 433 F. App'x 73, 77 (3d Cir. 2011), this court properly elected, in the exercise of its discretion, to dismiss this amended complaint, and require Johnson to file separate complaints relating to these factually distinct claims. <u>Id.</u>

Given this background, it cannot be said that Johnson has made the showing necessary to warrant reconsideration of this severance ruling since he has not demonstrated "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.</u>,

602 F.3d 237, 251 (3d Cir. 2010). Quite the contrary, this severance ruling is entirely in accord with the past practice of this court in similar cases where we have required plaintiffs to file separate complaints relating to what seem to be factually distinct claims. See Johnson v. Chambers, No. 1:11-CV-831, 2012 WL 398335, at *16 (M.D. Pa. Jan. 20, 2012) report and recommendation adopted, No. 1:11-CV-831, 2012 WL 398309 (M.D. Pa. Feb. 7, 2012) aff'd, 487 F. App'x 693 (3d Cir. 2012).

Further it is axiomatic that: "A district court's order severing parties for failure to satisfy the joinder requirements of Rule 20 is reviewed for abuse of discretion. Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997). A district court abuses its discretion when 'its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.' Danvers Motor Co., Inc. v. Ford Motor Co., 543 F.3d 141, 147 (3d Cir.2008) (internal quotation marks omitted)." Hagan v. Rogers, 570 F.3d 146, 152 (3d Cir. 2009). Plainly, the decision to sever these legally and factually disparate and distinct claims from one another did not constitute an abuse of discretion. Rather, it represented an informed exercise of that discretion. Therefore, the motion to reconsider this severance ruling should be denied.

### III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion to alter judgment (Doc. 52.), be GRANTED in part, and DENIED in part, as follows:

1.   The mail handling claims leveled by Johnson against Warden Holt, Associate Warden Dunbar, Inmate Systems Managers Farley and Trentley, along with Correctional Officers Mazza, Bushinski, Kalogna, Potter, Bond, and Beck, should be reinstated and included among the related claims retaliation and access to courts claims that are set forth in Johnson v. Holt, Civil No. 1:13-CV-1866.  We recommend, however, that these claims be reinstated without prejudice to the defendants filing a subsequent motion to dismiss this particular claim on its merits.

2.   The court should also allow Johnson' assertions of medical deliberate indifference in this second amended complaint to also apply to defendant Vogel, and direct that defendant Vogel be added as a defendant in Johnson v.  Sullivan, 1:15-CV-336.  We further recommend that this defendant be added to this civil action without prejudice to the defendant filing a subsequent motion to dismiss this particular claim on its merits.

3.      In all other respects the motion should be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of April, 2015.

                                        _S/Martin C.  Carlson_
                                        Martin C. Carlson
                                        United States Magistrate Judge

14